07                    981

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

Jennifer Rygiel-Boyd (JR-5676)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
512 5ᵗʰ Avenue, Suite 1700
New York, New York 10175
(212) 292-4314
jennifer.rygiel-boyd@ogletreedeakins.com

FILED
U.S. DISTRICT COURT E.D.N.Y.
MAR 0 7 2007
BROOKLYN OFFICE

Attorneys for Defendant SimplexGrinnell LP

---------------------------------------------------------

ROBERTO RAMOS, FRANK RODRIGUEZ, JOSE :
LUIS MALDONADO, JOSE FERNANDEZ, CHRIS :
MAIETTA, RANDY WRAY, ROGELIO SMITH, :
AGBAN  AGBAN, YADIRA GONZALEZ, :
MAXIMO ESTRELLA, JR., JAIME OYARVIDE, :
NACIM BENNEKAA, BRENO ZIMERER, and :
OMAR FLOREZ, individually and on behalf of all :
other persons similarly situated who are or were :
employed by SimplexGrinnell LP with respect to :
Public Works Projects mentioned in this Complaint, :
                                                  :
                    Plaintiffs,                   :
                                                  :
v.                                                :
                                                  :
SIMPLEXGRINNELL LP and JOHN DOE                   :
BONDING COMPANIES #1-3,                           :
                                                  :
                    Defendants.                   :
---------------------------------------------------------

Hon. _____ GOLD, M.J.

Case No. _____

*Civil Action*

**NOTICE OF REMOVAL**

## TO:  CHIEF JUDGE AND JUDGES OF
## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

**ON NOTICE TO:**

Bruce E. Menken
Beranbaum Menken Ben-Asher
80 Pine Street
New York, New York 10005
Attorney for Plaintiffs

Clerk
Supreme Court of the State of New York
County of Kings
360 Adams Street
Brooklyn, NY  11201

**HONORABLE JUDGES:**

Defendant SimplexGrinnell, L.P. ("Defendant") notices the removal of this action pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446 to the United States District Court for the Eastern District of New York, and as grounds therefore shows as follows:

## I.    TIMELINESS OF REMOVAL

1.    On or about February 6, 2007, plaintiffs Roberto Ramos, Frank Rodriguez, Jose Luis Maldonado, Jose Fernandez, Chris Maietta, Randy Wray, Rogelio Smith, Agban Agban, Yadira Gonzalez, Maximo Estrella, Jr., Jaime Oyarvide, Nacim Bennekaa, Breno Zimerer, and Omar Florez ("Plaintiffs") filed a civil action against Defendant in the Supreme Court of New York, County of Kings, entitled Roberto Ramos, *et al.* v. SimplexGrinnell LP, *et al.*, Index No. 4393/07 ("Plaintiffs' state court action"). A true and correct copy of the Complaint is attached as Exhibit A.

2.    The first notice received by Defendant of Plaintiffs' state court action occurred on February 15, 2005 when a copy of the Complaint was served.

3.    Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after first notice by Defendant of Plaintiffs' state court action.

## II.    VENUE.

4.    The Supreme Court of New York, Kings County, is located within the Eastern District of New York. Therefore, venue for the purposes of removal is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5.    No previous application has been made for the relief requested herein.

-2-

## III.   REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332

6.      This cause is a civil action within the meaning of the Acts of Congress relating to removal of causes.

7.      As set forth below and in the Declaration of Shawn Love, the claims of at least one of the named Plaintiffs alleged in the Complaint are removable under 28 U.S.C. § 1332(a) (diversity of citizenship).

8.      As set forth below and in the Declaration of Shawn Love, the claims alleged in the Complaint are all removable under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

9.      To the extent this Court would not otherwise have jurisdiction over any claim, it may exercise supplemental jurisdiction over such a claim pursuant to 28 U.S.C. § 1367.

10.     Pursuant to 28 U.S.C. § 1441(a), this action may be removed because the district courts of the United States would have had original jurisdiction of this action.

### A.   TRADITIONAL DIVERSITY REQUIREMENTS UNDER 28 U.S.C. § 1332(a) ARE ESTABLISHED.

11.     This action is properly removable under 28 U.S.C. §1441 and 28 U.S.C. §1446 because the United States District Court has original jurisdiction in this case under 28 U.S.C. § 1332(a), which provides: "The district courts shall have original jurisdiction of all civil actions arising where the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between (1) citizens of different states."

12.     Plaintiffs allege that they are individuals residing in the State of New York (Complaint, ¶ 3). As required by Local Civil Rule 81.1, Defendant's records show the following addresses for the individual plaintiffs:

-3-

Roberto Ramos
758 E. 105th Street, Apt. 1D
Brooklyn, NY 11236

Frank Rodriguez
2410 Davidson Ave., Apt. 7B
Bronx, NY 10468

Jose Luis Maldonado
449 Atkins Avenue, Apt. 2R
Brooklyn, NY 11208

Jose Fernandez
127 W. 48th Street
Bayonne, NJ 07002

Chris Maietta
1 West Cabot Lane
Westbury, NY 11590

Randy Wray
530 Herzel Street, Apt. A10
Brooklyn, NY 11212

Rogelio Smith
530 Herzel Street, Apt. D3
Brooklyn, NY 11212

Agban Agban
416 Holmes Drive
Burlington, NJ 08016

Yadira Gonzalez
233 Jamaica Avenue, Apt. 4C
Brooklyn, NY 11207

Maximo Estrella Jr.
P.O. Box 3215
Astoria, NY 11103

Jaime Oyarvide
449 Atkins Avenue, Apt. 2R
Brooklyn, NY 11208

Nacim Bennekaa
6295 Saunders Street, Apt. 3H
Rego Park, NY 11374

Breno Zimerer
41-65 Forley Street, Apt. 5H
Elmhurst, NJ 11373

Omar Florez
98-05 67th Avenue, Apt. 3K
Rego Park, NY 11374

Based on the last known addresses, two of the plaintiffs—Agban Agban and Jose Fernandez—may be citizens of New Jersey.

13.     Defendant SimplexGrinnell, LP is a limited partnership organized under the laws of Delaware with its principal place of business located at One Town Center Road, 7th Floor, Boca Raton, Florida. The citizenship of a partnership is determined by the citizenship of its members. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195 (1990). SimplexGrinnell has four partners: (1) a Nevada Corporation with its principal place of business in Florida; (2) a Delaware general partnership with two partners (a Delaware limited liability company with its principal place of business in Massachusetts, and a Nevada corporation with its principal place of business in Massachusetts); (3) a Delaware corporation with its principal place of business in Florida; and (4) a Massachusetts corporation with its principal place of business in Massachusetts. Accordingly, for the purposes of removal, Defendant is a citizen of the states of Nevada, Florida, Delaware, and Massachusetts.

-4-

14.     Defendants John Doe Bonding Companies #1-3 are fictitious parties whose citizenship is disregarded for purposes of removal. 28 U.S.C. § 1441(a).

15.     In this action, Plaintiff Rogelio Smith ("Smith") has alleged five claims against Defendant arising from his employment with Defendant. These claims are Breach of Contract, Quantum Meruit, Unjust Enrichment, New York Overtime, and Failure to Pay Wages.[1]

16.     Smith has worked for Defendant during the time period covered by this lawsuit. As set forth in the Declaration of Shawn Love, Regional Manager for Defendant's Northern Operations, if one accepts the allegations in the Complaint as true, then Smith's claims could exceed $80,000, exclusive of interest and costs.

17.     The amount in controversy in this case therefore exceeds the sum or value of $75,000.00, exclusive of interests and costs.

18.     There being complete diversity for purposes of jurisdiction conferred by 28 U.S.C. § 1332(a), and the matter in controversy exceeding the sum of $75,000.00 exclusive of interest and costs, Plaintiffs' state court action may be removed pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

19.     Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the entire action because the claims of at least one of the named plaintiffs satisfies the jurisdictional threshold.

## B.     CAFA REQUIREMENTS ARE ESTABLISHED.

20.     In addition to the traditional diversity requirements, this action also meets the requirements for removal under the CAFA, as the putative class exceeds 100 members; diversity

---

[1]     Plaintiff also has alleged a claim for "Suretyship" against the John Doe Bonding Companies.

of citizenship exists; the $5,000,000 amount in controversy requirement is satisfied, and none of the exceptions to the CAFA apply.

### 1. Plaintiffs' Class Action Consists of More than 100 Members.

21.    Plaintiffs purport to bring his action on behalf of "all persons who performed electrical work for [Defendant] on the sites of [publicly financed construction projects] from February 2, 2001 to the entry of judgment in this case." (Complaint, ¶ 1, 7 [attached as Exhibit A]).[2] In the Complaint, Plaintiffs allege that the putative class is "in excess of 50 members." Plaintiffs are correct, although they have significantly underestimated this figure. Indeed, as set forth in the Declaration of Shawn Love, during the time period alleged in the Complaint, over 400 different individuals have performed electrical work for SimplexGrinnell in the State of New York. During this time period, most of these employees, if not all of them, performed electrical work on publicly financed construction projects. (Love Decl., ¶ 4.) Therefore, the aggregate number of putative class members exceeds 100, satisfying the requirement of 28 U.S.C. § 1332(d)(5)(B).

### 2. Diversity of Citizenship is Established.

22.    As set forth above, all of the Plaintiffs are citizens of the State(s) of New York. Defendant is a citizen of Delaware and Florida. Accordingly, this action meets the diversity of citizenship requirements of the CAFA, 28 U.S.C. § 1332(d)(2)(A).

### 3. The Amount-in-Controversy Requirement is Satisfied.

23.    In the Complaint, Plaintiffs demand judgment as follows:

---

[2]    Although Paragraph 7 of the Complaint refers to the "public works projects listed above," Paragraph 1 makes it clear that the list of specific public works projects is nonexclusive, and that the class involves individuals who furnished labor on "publicly financed construction projects, **including but not limited to**" the specific projects identified by plaintiffs. (Complaint, ¶ 1.)

-6-

> On their first cause of action, against [Defendant], in an amount in excess of $2,000,000.00, plus interest;
>
> On their second cause of action, against [Defendant], in an amount in excess of $2,000,000.00, plus interest;
>
> On their third cause of action, against [Defendant], in an amount in excess of $2,000,000.00, plus interest;
>
> On their fourth cause of action, against [Defendant], in an amount to be determined by a jury to fully compensate the plaintiffs and the other members of the class for due to [Defendant's] failure to pay overtime under new York Labor Law;
>
> On their fifth cause of action, against [Defendant], in an amount in excess of $2,000,000.00, plus interest;
>
> On their fifth cause of action, against [Defendant] [sic], in an amount in excess of $2,000,000.00, plus interest; and
>
> Such other and further relief as the Court may deem just and proper.

(Complaint, Prayer for Relief (a)-(g).)

24.     The relief requested by Plaintiffs is cumulative relief. *Id.* Through this action Plaintiffs seek ten million dollars from the defendants, exclusive of costs and interest, in addition to overtime pay and attorneys' fees in accordance with New York statutory law.

25.     Moreover, following a review of Defendant's business records estimating the hours of electrical work done on public finance construction projects in the State of New York for a significant period of time covered by the Complaint, Defendant's Regional Manager for the Northern Operations has determined that if all of the allegations in the Complaint are true, the damages would exceed $5,800,000, exclusive of interest and costs. Accordingly, the amount in controversy exceeds five million dollars, and thus this action meets the amount in controversy requirement under the CAFA. 28 U.S.C. § 1332(d)(2).

#### 4. No CAFA Exception Applies.

26. The CAFA contains jurisdictional exceptions, none of which applies to the present case.

27. The "Local Controversy Exception" does not apply to the present case for a number of reasons, including that Defendant is not a citizen of New York. 28 U.S.C. § 1332(d)(4)(A)(i)(II).

28. Likewise, the "Home State Exception" does not apply to the present case for the same reasons, namely, that Defendant is not a citizen of New York. 28 U.S.C. § 1332(d)(4)(B).

### III.   PROCESS, PLEADINGS AND ORDERS SERVED

29. A copy of the Summons and Complaint is attached as Exhibit A. This represents all of the Process, Pleadings and Orders served on Defendant at the time of removal.

30. To date, no Defendant has filed a responsive pleading in Plaintiffs' state court action, and no other proceedings have transpired in that action.

31. In accordance with 28 U.S.C. §1446(d), copies of this Notice of Removal have been served upon Plaintiffs, and filed with the Clerk of the Supreme Court of the State of New York, County of Suffolk.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from

/ / /

/ / /

/ / /

/ / /

/ / /

-8-

the Supreme Court of New York, County of Kings to the United States District Court for the Eastern District of New York.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Attorneys for SimplexGrinnell LP

By: _____

Jennifer Rygiel-Boyd (JR 5676)
521 5th Avenue, Suite 1700
New York, New York 10175
Tel: (212) 292-4314
jennifer.rygiel-boyd@ogletreedeakins.com

Date:  March 7, 2007

FEB 19 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
ROBERTO RAMOS, FRANK RODRIGUEZ, JOSE
LUIS MALDONADO, JOSE FERNANDEZ, CHRIS          Index No. 4393/07
MAIETTA, RANDY WRAY, ROGELIO SMITH,
AGBAN AGBAN, YADIRA GONZALEZ, MAXIMO
ESTRELLA, JR., JAIME OYARVIDE, NACIM
BENNEKAA, BRENO ZIMERER and OMAR FLOREZ,
individually and on behalf of all other persons similarly
situated who are or were employed by SimplexGrinnell LP
with respect to Public Works Projects mentioned in
this Complaint.                                CLASS ACTION SUMMONS

                           Plaintiffs,
                                               Plaintiffs designate Kings County as
                                               the place of trial.

        -against-


SIMPLEXGRINNELL LP and JOHN DOE
BONDING COMPANIES #1-3,

                           Defendants.
-------------------------------------------------------------------X

        TO THE ABOVE NAMED DEFENDANTS:

        You are hereby summoned to serve upon Plaintiffs' attorneys an answer to the
complaint in this action within 30 days after service of this summons. In case of your failure to
answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       February 5, 2007

                           BERANBAUM MENKEN BEN-ASHER
                           & BIERMAN LLP

                   By:     _____
                           Bruce E. Menken
                           80 Pine Street
                           New York, NY 10005
                           212-509-1616

To:     SimplexGrinnell LP
        50 Technology Drive
        Westminster, MA 01441

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---------------------------------------------------------------X

ROBERTO RAMOS, FRANK RODRIGUEZ, JOSE
LUIS MALDONADO, JOSE FERNANDEZ, CHRIS       Index No. 4393/07
MAIETTA, RANDY WRAY, ROGELIO SMITH,
AGBAN AGBAN, YADIRA GONZALEZ, MAXIMO
ESTRELLA, JR., JAIME OYARVIDE, NACIM
BENNEKAA, BRENO ZIMERER and OMAR FLOREZ,
individually and on behalf of all other persons similarly
situated who are or were employed by SimplexGrinnell LP
with respect to Public Works Projects mentioned in
this Complaint.                                      **CLASS ACTION COMPLAINT**

                                    Plaintiffs,


                      -against-


SIMPLEXGRINNELL LP and JOHN DOE
BONDING COMPANIES #1-3,

                                    Defendants.

---------------------------------------------------------------X

Plaintiffs. Roberto Ramos, Frank Rodriguez, Jose Luis Maldonado, Jose Fernandez, Chris

Maietta, Randy Wray, Rogelio Smith, Agban Agban, Yadira Gonzalez, Maximo Estrella, Jr.,

Jaime Oyarvide. Nacim Bennekaa, Breno Zimerer and Omar Florez ("Plaintiffs"), on behalf of

the putative class by their attorneys, Beranbaum Menken Ben-Asher & Bierman LLP, allege as

follows:

## PRELIMINARY STATEMENT

1.   This action is brought on behalf of the plaintiffs, and a putative class of individuals

who furnished labor to defendants SimplexGrinnell LP., and/or any other entities affiliated with

or controlled by SimplexGrinnell LP ("Defendants") on publicly financed construction projects,

including but not limited to: Binghamton Psychiatric Center, Hudson River Psychiatric Center,

Mid-Hudson Forensic Psychiatric Center, Mohawk Valley Psychiatric Center, Sagamore

Children's Psychiatric Center, St. Lawrence Psychiatric Center, Bronx Psychiatric Center, Bronx

Children's Psychiatric Center, Brooklyn Children's Psychiatric Center, Creedmoor Psychiatric

Center, Queens Children's Psychiatric Center, Kingsboro Psychiatric Center, Manhattan

Psychiatric Center, Kirby Forensic Psychiatric Center, New York Psychiatric Institute, South

Beach Psychiatric Center, Capital District Psychiatric Center and Rockland Group Psychiatric

Center (the "Public Works Projects"). Plaintiffs seek to recover wages and benefits which they

and members of the putative class were entitled to receive for work they performed on the Public

Works Projects but did not receive.

VENUE

2.    Venue is proper in Kings County, the county of residence of several of the

individually named plaintiffs, under CPLR Sec. 503.

PARTIES

3.    Plaintiffs, and other members of the putative class, are individuals residing in the

State of New York who performed labor - service and maintenance on alarm and security

systems - for defendants and/or other subsidiaries, affiliates and joint ventures of this entity.

4.    Upon information and belief, defendant SimplexGrinnell LP (hereafter "SG") is a

limited partnership formed in the State of Delaware and a subsidiary of Tyco International Ltd.

SG's headquarters is located at 50 Technology Drive, Westminster, Massachusetts 01441 and/or

One Town Center Road, Boca Raton, Florida.. It has over 100 district offices located throughout

the United States, including the following New York offices located in Long Island City, Clifton

Park, Williamsville, Endicott, Hauppauge, Newburgh, Rochester and Syracuse. The New York

City district office, that administers all of the work performed in the five boroughs of New York

City, is located at 2323 Randolph Avenue, Avenel, New Jersey 07001. Unless otherwise alleged herein, all of SG's employees were acting as agents in doing the things alleged in this complaint and, as such, were acting within the course and scope of that agency and employment.

5.    SG provides integrated security alarm, fire suppression, healthcare communications and emergency lighting systems to government agencies, corporations, hospitals and educational facilities. Not only does SG design, engineer and install such systems, they provide inspection, testing, maintenance and monitoring of them, as well.

## CLASS ALLEGATIONS

6.    This action is properly maintainable as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules.

7.    This action is brought on behalf of plaintiffs and a class consisting of all persons who performed electrical work for SG on the sites of the public works projects listed above from February 2, 2001 to the entry of judgment in this case (the "class" and "class period," respectively).

8.    The persons in the class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of the defendants, it is believed that there are in excess of 50 members of the class during the class period.

9.    There are questions of law and fact common to the class which predominate over any questions affecting only individual members.

10.    The claims of plaintiffs are typical of the claims of the putative class.

11.    Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

12.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy. This is particularly true in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit against large corporate defendants such as SG.

13.    There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

(a)  whether SG entered into certain contracts with various government agencies, such as the New York State Office of Mental Health, to furnish the necessary labor, material and equipment to perform work upon the public work projects;

(b)  whether SG paid plaintiffs and the putative class the prevailing rates of wages and supplements to them and all workers furnishing labor on the sites of the public works projects; and,

(c)  whether SG misclassified some or all of the plaintiffs and the putative class as apprentices rather than journeymen.

## FACTS

14.    Upon information and belief, beginning in or about 2001, SG entered into certain contracts, as either a subcontractor or prime contractor, with certain government agencies (e.g., New York State Office of Mental Health), or with prime contractors not currently known, to furnish labor, material and equipment to perform work on these public works projects.

15.    Upon information and belief, the public works contracts required that SG pay and ensure payment of the prevailing rates of wages and supplements to all workers furnishing labor on the sites of the public works projects, including their direct employees and all other persons furnishing labor on the sites of the public works projects. Upon information and belief, the

public works contracts also provided that any subcontracts that SG entered into contain language requiring the payment of prevailing rates of wages and supplements to all workers furnishing labor on the sites of the public works projects.

16.    Upon information and belief, a schedule containing prevailing rates of wages and supplemental benefits ("prevailing wage schedule") to be paid to the plaintiff class was annexed to and formed a part of the public works contracts.

17.    The promise to pay and ensure payment of the prevailing wage and supplemental benefit rates in the public works contracts was made for the benefit of all workers furnishing labor on the sites of the public works projects and, as such, the workers furnishing labor on the sites of the public works projects are the beneficiaries of that promise and the contracts entered into between SG and government agencies.

18.    Upon information and belief, in furtherance of the public works contracts entered into by SG, plaintiffs and other members of the putative class performed various types of electrical related work including, but not limited to, maintaining, repairing and/or replacing fire alarm and security system equipment.

19.    Upon information and belief, for all work performed by plaintiffs and other members of the putative class for SG at the site of the public works projects, SG willfully paid plaintiffs and other members of the putative class less than the prevailing rates of wages and supplements to which they were entitled.

20.    Upon information and belief, during the period of time for which plaintiffs and the members of the putative class performed work on the public works projects, SG also failed to ensure payment of the prevailing rates of wages and supplements to which plaintiffs and other members of the putative class were entitled.

21.    Upon information and belief, defendants John Doe Bonding Companies #1-3 issued payment bonds to SG and/or the prime contractors, ensuring the obligations of SG and its subcontractors, affiliates and/or joint ventures, in connection with the public works projects.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

22.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 21 herein.

23.    Upon information and belief, the public works contracts entered into by SG contained schedules of the prevailing rates of wages and supplemental benefits to be paid plaintiffs and the other members of the putative class.

24.    Those prevailing rates of wages and supplemental benefits were made a part of the public works contracts for the benefit of the plaintiffs and the other members of the putative class.

25.    SG breached the public works contracts by failing to pay plaintiffs and the other members of the putative class the prevailing rates of wages and supplemental benefits for all labor performed upon the public works projects.

26.    As a result of its breach of the public works contracts, SG is liable to plaintiffs and the other members of the putative class in an amount yet to be determined but believed to exceed $2,000,000.00 plus interest.

## SECOND CAUSE OF ACTION (Pled in the Alternative)

## QUANTUM MERUIT

27.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 26 herein.

28.     Plaintiffs and the other members of the putative class have performed numerous and valuable services at the request and for the benefit of SG. The reasonable value of those services for which plaintiffs and the other members of the putative class have not been paid is believed to be in excess of $2,000,000.00, plus interest.

29.     As a result, SG is liable to plaintiffs and the other members of the putative class in an amount not yet determined but believed to exceed $2,000,000.00, plus interest.

### THIRD CAUSE OF ACTION (Pled in the Alternative)

### UNJUST ENRICHMENT

30.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 29 herein.

31.     Plaintiffs and members of the putative class have performed a significant amount of work for which they have not been paid.

32.     Upon information and belief, when SG entered into the public works contracts, it agreed to pay the required prevailing wage, overtime and supplemental benefit rates of pay to plaintiffs and members of the putative class.

33.     Upon information and belief, SG billed the public owner, such as the New York State Office of Mental Health, for labor performed by plaintiffs and members of the putative class at the higher prevailing, overtime and supplemental benefit rates, which SG did not pay.

34.     As a result of this failure to pay said wages, SG was unjustly enriched for work and services performed by plaintiffs and members of the putative class in an amount believed to exceed $2,000,000.00, plus interest.

## FOURTH CAUSE OF ACTION

## NEW YORK OVERTIME

35.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 34 herein.

36.    SG violated New York Labor Law Sec. 655 and 12 NYCRR 142-3.2 by failing to pay plaintiffs and the other members of the putative class overtime compensation for work they performed in furtherance of the public works contracts.

37.    SG's failure to pay overtime compensation to plaintiffs and the other members of the putative class was willful.

38.    As a result, SG is liable to plaintiffs and the other members of the putative class in an amount to be determined.

## FIFTH CAUSE OF ACTION

## FAILURE TO PAY WAGES

39.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 38 herein.

40.    Plaintiffs' wage rate and/or overtime compensation rate were within the meaning of and covered by New York Labor Law Sections 190, 191 and 198-c.

41.    SG violated New York Labor Law Sec. 191 by failing to pay plaintiffs and other members of the putative class the required wage and overtime compensation rates for the work they performed during the putative class period.

42.    SG violated New York Labor Law Sec. 198-c by failing to pay plaintiffs and other members of the putative class the agreed upon benefits and/or wage supplements owed to them for the work they performed during the putative class period.

43.     Upon information and belief, this failure to pay the agreed upon wages, overtime compensation benefit and supplement rates, on the part of the SG was willful.

44.     As a result, SG is liable to plaintiff and other members of the putative class in an amount not yet determined but believed to exceed $2,000,000.00 plus attorneys' fees and costs and interest.

## SIXTH CAUSE OF ACTION

### (Against Defendants John Doe Bonding Companies #1-3)

### SURETYSHIP

45.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 44 herein.

46.     By issuing the bonds to SG and/or the prime contractors, John Doe Bonding Companies #1-3 assumed joint and several liability with SG to pay plaintiffs and the other members of the putative class any and all wages and supplemental benefits due and owing to them which SG failed to pay.

47.     SG's failure to pay and/or ensure payment of prevailing wages and supplemental benefits to plaintiffs and other members of the putative class for work performed by them on the public work projects sites is believe to be in an aggregate amount not yet determined but believed to exceed $2,000,000.00.

48.     Upon information and belief, pursuant to the terms of the bonds, John Doe Bonding Companies #1-3 are required to make payment to plaintiffs and the other members of the putative class for the underpayment of prevailing wages and supplemental benefits, plus interest, as per the terms of the applicable bonds in an amount not yet determined but believed to exceed $2,000,000.00 plus interest.

49.     Said amount shall be apportioned to each bonding company as per the terms of the applicable bonds.

WHEREFORE, Plaintiffs demand judgment:

a.     On their first cause of action, against defendant SG, in an amount in excess of $2,000,000.00, plus interest;

b.     On their second cause of action, against defendant SG, in an amount in excess of $2,000,000.00, plus interest;

c.     On their third cause of action, against defendant SG, in an amount in excess of $2,000,000.00, plus interest;

d.     On their fourth cause of action, against defendant SG, in an amount to be determined by a jury to fully compensate the plaintiffs and the other members of the class for due to defendant SG's failure to pay overtime under New York Labor Law;

e.     On their fifth cause of action, against defendant SG, in an amount in excess of $2,000,000.00, plus reasonable attorneys' fees, costs and interest;

f.     On their sixth cause of action, against defendant SG, in an amount in excess of $2,000,000.00, plus interest; and

g.     Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        February 6, 2007

                                    BERANBAUM MENKEN BEN-ASHER &
                                    BIERMAN LLP


                        By:     _____
                                    Bruce E. Menken
                                    80 Pine Street, 32nd Floor
                                    New York, NY 10005
                                    212-509-1616