David A. Copus (counsel *pro hac vice*)
Dominick C. Capozzola (DC-3124)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
512 5th Avenue, Suite 1700
New York, New York 10175
(212) 292-4314
david.copus@odnss.com
dominick.capozzola@odnss.com

Attorneys for Defendant SimplexGrinnell LP

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERTO RAMOS, FRANK RODRIGUEZ, JOSE LUIS MALDONADO, JOSE FERNANDEZ, CHRIS MAIETTA, RANDY WRAY, ROGELIO SMITH, AGBAN AGBAN, YADIRA GONZALEZ, MAXIMO ESTRELLA, JR., JAIME OYARVIDE, NACIM BENNEKAA, BRENO ZIMERER, OMAR FLOREZ, and RAFIU OWOLABI individually and on behalf of all other persons similarly situated who are or were employed by SimplexGrinnell LP with respect to Public Works Projects mentioned in this Complaint,<br><br>Plaintiffs,<br><br>-against-<br><br>SIMPLEXGRINNELL LP,<br><br>Defendants. | Hon. Nina Gershon<br>Case No. 1:07-cv-00981-NG-SMG<br><br>*Civil Action*<br><br>**ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT** |

Defendant SimplexGrinnell LP ("Defendant"), by way of Answer to Plaintiffs' original Complaint says:

1. No response is required regarding the allegations in Paragraph 1.

2. No response is required regarding the allegations in Paragraph 2 as they call for a legal conclusion, and the Declaration referenced in the last sentence of the paragraph speaks for itself.

3. Defendant admits that the named plaintiffs and some members of the putative class, as defined in Paragraph 7 of the Complaint, performed labor pursuant to New York State public works contracts for Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that the named plaintiffs and other members of the putative class are individuals residing in or around the State of New York, except that Defendants' records indicate that at least twelve of the fifteen named plaintiffs reside in New York, and two reside in New Jersey. No response is required regarding the allegation that plaintiffs and other members of the putative class are laborers, workmen or mechanics as defined by Article 8 of the New York Labor Law, as that allegation calls for a legal conclusion. Except as expressly admitted or denied on lack of knowledge or information, Defendant denies each and every allegation in Paragraph 3.

4. Defendant admits the allegations in the first, third, and fourth sentences of Paragraph 4. Defendant also admits that its headquarters are located at One Town Center Road, Boca Raton, Florida. Defendant is without knowledge or information sufficient to form a belief as to the fifth sentence of Paragraph 4, and on that basis denies those allegations. Except as expressly admitted or denied on lack of knowledge or information, Defendant denies each and every allegation in Paragraph 4.

5. Defendant admits the allegations in Paragraph 5.

6. No response is required regarding the allegations in Paragraph 6 as they call for a legal conclusion.

7. No response is required regarding the allegations in Paragraph 7.

8. Defendant admits that the persons in the putative class during the proposed class period exceed 400 members. No response is required regarding the remaining allegations in Paragraph 8 as they call for a legal conclusion.

9. No response is required regarding the allegations in Paragraph 9 as they call for a legal conclusion.

10. No response is required regarding the allegations in Paragraph 10 as they call for a legal conclusion.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and on that basis denies those allegations.

12. No response is required regarding the allegations in Paragraph 12 as they call for a legal conclusion.

13. No response is required regarding the allegations in Paragraph 13 as they call for a legal conclusion.

14. Defendant admits that, beginning in 2001, it entered into contracts with New York State agencies, including the New York State Office of Mental Health and New York City Department of Corrections, to furnish labor, material and equipment for New York State public works projects. Defendant also admits that it entered into these contracts as either a subcontractor or prime contractor. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 14.

15. Defendant admits that some of the New York State public works contracts required that SimplexGrinnell pay and ensure payment of the prevailing rates of wages and supplements to some of the workers furnishing labor on the sites of the New York State public

works projects. Except as expressly admitted herein, Defendant denies each and every remaining allegation in Paragraph 15.

16. No response is required regarding the allegations in Paragraph 16 as they call for a legal conclusion.

17. Defendant denies each and every allegation in Paragraph 17.

18. Defendant admits that, in furtherance of New York State public works contracts entered into by Defendant, some of the plaintiffs and putative class members performed various types of electrical and sprinkler related work, including installing, maintaining, inspecting, testing repairing and/or replacing fire suppression and alarm and security system equipment. Except as expressly admitted herein, Defendant denies each and every remaining allegation in Paragraph 18.

19. Defendant denies each and every allegation in Paragraph 19.

20. Defendant denies the allegations of Paragraph 20. During the period of time for which plaintiffs and the members of the putative class performed work on the public works projects Defendant made a good faith effort to ensure payment of the prevailing wages and supplements to plaintiffs and other members of the putative class to which they were entitled. To the extent that plaintiffs and other members of the putative class did not at the time receive the proper prevailing wages and supplements, those incidents were isolated, sporadic, and inadvertent. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that during the period of time for which plaintiffs and the members of the putative class performed work on New York State public works projects, Defendant failed to ensure payment of the prevailing rates of wages and supplements to which plaintiffs and other

members of the putative class were entitled, and on that basis denies those allegations, Defendant denies each and every remaining allegation in Paragraph 20.

21.  Defendant repeats and realleges each and every response contained in the paragraphs 1 through 20 above as if fully set forth at length herein.

22.  Defendant admits that some, but not all, of the New York State public works contracts entered into by SG contained schedules of prevailing wages and supplemental benefits. Except as expressly admitted herein, Defendant denies each and every remaining allegation in Paragraph 22.

23.  Defendant denies each and every allegation in Paragraph 23.

24.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and on that basis denies those allegations.

25.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and on that basis denies those allegations.

26.  Defendant repeats and realleges each and every response contained in the paragraphs 1 through 25 above as if fully set forth at length herein.

27.  Defendant admits that plaintiffs have performed services at the request and for the benefit of SimplexGrinnell. Defendant is without knowledge or information sufficient to form a belief as to whether the services were "numerous and valuable," or whether other members of the putative class have performed numerous and valuable services at the request and for the benefit of Defendant. Except as expressly admitted herein or denied on lack of knowledge or information, Defendant denies each and every remaining allegation in Paragraph 27.

28.  Defendant denies each and every allegation in Paragraph 28.

29. Defendant repeats and realleges each and every response contained in the paragraphs 1 through 28 above as if fully set forth at length herein.

30. Defendant denies each and every allegation in Paragraph 30.

31. Defendant admits that when it entered into some public works contracts with New York State agencies, it promised to pay prevailing wages (including applicable overtime and supplements) for those tasks which were subject to the prevailing wage requirement. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31, and on that basis denies those allegations. Moreover, the language of the various contracts speaks for itself.

32. Defendant denies each and every allegation in Paragraph 32.

33. Defendant denies each and every allegation in Paragraph 33.

34. Defendant repeats and realleges each and every response contained in the paragraphs 1 through 33 above as if fully set forth at length herein.

35. Defendant denies each and every allegation in Paragraph 35.

36. Defendant denies each and every allegation in Paragraph 36.

37. Defendant denies each and every allegation in Paragraph 37.

38. Defendant repeats and realleges each and every response contained in the paragraphs 1 through 37 above as if fully set forth at length herein.

39. No response is required to the allegations in Paragraph 39 as they call for a legal conclusion.

40. Defendant denies each and every allegation in Paragraph 40.

41. Defendant denies each and every allegation in Paragraph 41.

42. Defendant denies each and every allegation in Paragraph 42.

43. Defendant denies each and every allegation in Paragraph 43.

44. Defendant repeats and realleges each and every response contained in the paragraphs 1 through 43 above as if fully set forth at length herein.

45. Defendant admits that, at times, bonding companies issued bonds to Defendant and/or prime contractors. No response is required to the remaining allegations in Paragraph 45 as they call for a legal conclusion.

46. Defendant denies each and every allegation in Paragraph 46.

47. Defendant denies each and every allegation in Paragraph 47.

48. Defendant denies each and every allegation in Paragraph 48.

49. Defendant denies that plaintiffs are entitled to any of the relief requested from it in sections (a) through (f) of the "Wherefore" clause.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that would otherwise rest with plaintiff, Defendant states the following affirmative defenses:

### First Affirmative Defense
### (Failure to State a Claim for Relief)

As a separate and affirmative defense to the Complaint and each purported cause of action therein, Defendant alleges that Plaintiffs have failed to state facts sufficient to constitute a cause of action.

### Second Affirmative Defense
### (Waiver)

As a separate and affirmative defense to the Complaint and to each purported cause of action therein, Defendant alleges that Plaintiffs, by reason of their acts, conduct and omissions, have waived their rights, if any, to obtain the relief sought in the Complaint.

### Third Affirmative Defense
### (Statutes of Limitations)

As a separate and affirmative defense to the Complaint and each purported cause of action therein, Defendant alleges that Plaintiffs' claims are barred by the applicable statutes of limitations.

### Fourth Affirmative Defense
### (Estoppel)

As a separate and affirmative defense to the Complaint and to each purported cause of action therein, Defendant alleges that Plaintiffs, by reason of their acts, conduct and omissions, are estopped from obtaining the relief sought in the Complaint.

### Fifth Affirmative Defense
### (Preemption)

As a separate and affirmative defense to the Complaint and to each purported cause of action therein, Defendant alleges that Plaintiffs' claims are preempted by federal law, including but not limited to the Davis Bacon Act and the Labor Management Relations Act.

WHEREFORE, Defendant SimplexGrinnell LP prays for the following relief:

1. That Plaintiffs take nothing by their Complaint;
2. For judgment in favor of Defendant and against Plaintiffs;
3. For all expenses, including reasonable attorneys' fees;
4. For all costs of suit; and
5. For such other and further relief as the Court may deem just and proper.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Attorneys for Defendant
SimplexGrinnell LP

_____
DOMINICK C. CAPOZZOLA

-8-

521 5th Avenue, Suite 1700<br>
New York, New York 10175<br>
Tel: (212) 292-4314<br>
david.copus@odnss.com

6505448.2 (OGLETREE)