UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ROBERTO RAMOS, et al.,

                Plaintiffs,                   <u>Memorandum & Order</u>
                                                  07-CV-981 (SMG)

  -against-

SIMPLEXGRINNELL LP,

                Defendant.
---------------------------------------------------------x

*Gold, S., United States Magistrate Judge*:

On June 21, 2011, I issued a Memorandum and Order ("M&O") that partially denied defendant's motion for summary judgment. Docket Entry 154. Among other things, I ruled that defendant was not entitled to summary judgment on plaintiffs' third-party beneficiary claims even though plaintiffs plan to offer at trial only a few of the many contracts they claim were breached. M&O at 19-27. Defendant now moves for leave to file an interlocutory appeal from this aspect of my ruling. Docket Entry 156.

Defendant's motion is brought pursuant to 28 U.S.C. § 1292(b). Circuit Courts of Appeal generally have jurisdiction over appeals only from final orders of district courts. 28 U.S.C. § 1291. However, a district court may permit the interlocutory appeal of an order if it "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Court of Appeals then has discretion over whether to permit the appeal. *Id.*

A question of law is controlling for purposes of Section 1292(b) only if reversal of the district court's order would "significantly affect the conduct of the action." *Aspen Ford, Inc. v. Ford Motor Co.*, 2008 WL 163695 *2 (E.D.N.Y. Jan. 15, 2008), quoting *S.E.C. v.*

*CreditBancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000). Moreover, to warrant interlocutory review, the question of law must be "pure" and capable of being decided on appeal "quickly and cleanly without having to study the record." *Id.*

District courts have broad discretion over applications pursuant to § 1292(b), and may exercise that discretion to deny an application even when the statute's criteria are satisfied. *Id.* Because interlocutory appeals prolong judicial proceedings, add delay and expense, burden appellate courts, and present issues for review on incomplete records, a court should grant applications brought under Section 1292(b) only in exceptional circumstances. *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996); *Lothian Cassidy LLC v. Ransom*, 2010 WL 3767617 *1 (E.D.N.Y. Sept. 17, 2010).

This case does not present extraordinary circumstances warranting interlocutory appeal. The ruling defendant seeks to appeal is that plaintiffs may rely upon evidence other than the contracts themselves to prove at trial that defendant was contractually obligated to pay prevailing wages. Although it is conceivable that a reviewing court might hold that a plaintiff suing for breach as a third-party beneficiary must, under any circumstances, offer the allegedly breached contract into evidence, it is also possible that the Court of Appeals would seek to review the nature and quantum of the evidence of defendant's contractual obligation offered at trial before deciding whether plaintiffs' evidence was sufficient. Thus, the ruling at issue does not raise a "pure" question of law.

Moreover, while reversal might materially affect the outcome of the case, it would not terminate the action; plaintiffs would still have the right to proceed with respect to those claims based upon the 29 contracts they intend to offer in evidence at trial. Indeed, if the case were to

proceed to trial with respect to those 29 contracts while an appeal were litigated, and if my order were affirmed, a second trial with much of the same evidence would have to be held.

Finally, for Section 1292(b) to apply, the question of law must be one about which there is substantial grounds for difference of opinion. Here, as I noted in my decision, plaintiffs' contention that third-party beneficiary claims for prevailing wages may proceed without the underlying public works contracts being offered into evidence appears to raise a question of first impression. M&O at 25. However, I also pointed out that the principle that contracts are presumed to incorporate existing laws is well-settled, and that the Federal Rules of Evidence permit the terms of a contract to be established with evidence other than the contract itself. M&O at 20-23. Moreover, "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *In re Flor*, 79 F.3d at 284.

For all these reasons, defendant's motion pursuant to Section 1292(b) is denied.

SO ORDERED.

/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
August 8, 2011

*U:\eoc 2011\ramos\ramos 1292(b).docx*