UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ROBERTO RAMOS, et al.,

      Plaintiffs,      <u>Memorandum & Order</u>
                 07-CV-981 (SMG)
 -against-

SIMPLEXGRINNELL LP,

      Defendant.
-------------------------------------------------------x
*Gold, S., United States Magistrate Judge*:

  On June 21, 2011, after substantial briefing and oral argument, I issued a detailed Memorandum and Order granting plaintiff's motion for class certification, partially granting and partially denying defendant's motion for summary judgment, denying defendant's motion to preclude expert testimony, and denying plaintiff's motion for summary judgment. Docket Entry 154. On August 8, 2011, I issued a second Memorandum and Order denying defendant's motion for leave to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Docket Entry 161.

  Defendant has now submitted a letter dated September 15, 2011. Docket Entry 165. In its letter, defendant announces that it will be seeking leave to file another motion for summary judgment and for decertification of the class that was just certified. Defendant's application is based upon its own records which, it contends, demonstrate its entitlement to summary judgment.[1] Plaintiffs urge in response that the Court should deny defendant leave to bring the described anticipated motions. Docket Entry 167.

  Defendant's application in essence seeks leave to move for reconsideration of my decision partially denying its motion for summary judgment. However, motions for

---

[1] Defendant also states that it may seek an additional deposition session with plaintiff's expert, Dr. Crawford. I do not address this issue because defendant only suggests the possibility that it will seek a further deposition and does not now move to reopen discovery for that purpose.

reconsideration must be brought within fourteen days of the Court's determination of the original motion. Local Civil Rule 6.3. Even assuming that defendant's Section 1292(b) motion extended the time to move for reconsideration, defendant's motion would be untimely and subject to being denied on that basis. *See Cyrus v. City of New York*, 2010 WL 148078, at *1 (E.D.N.Y. Jan. 14, 2010) (noting that "the untimely filing of a motion pursuant to Local Rule 6.3 is a sufficient basis for denial of the motion").

Moreover, a motion for reconsideration based upon the grounds described in defendant's letter would be entirely without merit. Generally, a motion for reconsideration is appropriate only when the Court has overlooked controlling decisions or factual matters put before it on the underlying motion, or where there has been an intervening change in the law or new evidence has become available. *See, e.g., Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Tatum v. City of New York*, 2009 WL 976840, at *1 (S.D.N.Y. Apr. 9, 2009); *Zinnamon v. Bank of New York*, 2006 WL 1652662, at *1 (E.D.N.Y. June 8, 2006). A party seeking reconsideration may not, therefore, put forth new facts or issues that could have been presented in support of its original motion. *Cohen v. Federal Exp. Corp.*, 2007 WL 1573918, at *4 (S.D.N.Y. May 24, 2007). These standards are strictly applied, with the result that motions for reconsideration are rarely granted. *Zinnamon*, 2009 WL 1652662, at *1.

When a motion for reconsideration is based on a claim of newly discovered evidence, "the movant must demonstrate that the newly discovered evidence could not have been discovered 'with reasonable diligence' prior to the court's ruling." *Tatum*, 2009 WL 976840, at *1. Here, the documents defendant refers to in its letter are its own, and defendant does not even attempt to argue that the documents were unavailable or could not have been discovered before

its summary judgment motion was decided. Accordingly, defendant has failed to raise appropriate grounds for a motion for reconsideration.

Defendant's application could be construed as seeking leave to file a second motion for summary judgment. Whether to permit a party to make such a motion generally rests within a court's discretion. 11 *Moore's Federal Practice* § 56.121[1][b]. Of particular relevance here, though, "[c]ourts are more likely to find a successive motion appropriate when it is supported by additional facts that were not available at the time of the first motion." *Id.* As indicated above, that is not the case here. *See also Int'l Bus. Machines v. Johnson*, 2009 WL 2356430, at *2 (S.D.N.Y. July 30, 2009) (holding that party would not be permitted "to litigate this matter through piecemeal, seriatim motions requesting the same relief, especially when the information that is the basis for the successive motion was in [that party's] possession at the time of the filing of its first motion"); *Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004) (refusing to entertain a second summary judgment motion where movant failed to present facts or arguments that could not have been raised in support of its original motion, emphasizing that "parties ought to be held to the requirement that they present their strongest case for summary judgment when the matter is first raised") (internal quotations and citations omitted).

For the reasons stated above, to the extent defendant's letter is intended as an application for leave to bring a motion for reconsideration or a second motion for summary judgment, the application is denied.

SO ORDERED.

/s/
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
October 4, 2011

*U:\ramos 100311.docx*